# Exhibit B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Seattle Direct Dial: (206) 576-3000
FAX (206) 220-6911
Website: www.eeoc.gov

Charge No. 551-2020-02759

Brenda Sanchez Cossio
702 N5th Ave,
Yakima, WA 98902                                                          **Charging Party**

Monson Fruit Company
252 N Rushmore Rd,
Selah, WA 98942                                                           **Respondent**

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended. All requirements for coverage have been met.

Charging Party alleges that she was subjected to sexual harassment by the Production Manager, including comments of sexual nature, sexual advances, and/or the promise of work benefits in exchange for sexual favors, during her employment at the Monson Fruit Company warehouse in Selah, WA. Charging Party alleges that the harassment began around June 2019 and continued, despite her complaints, until she was forced to resign after March 2020 because Respondent failed to take prompt and effective action to stop the harassment, after being denied pregnancy accommodation, and after being threatened with further employment harm and harm against her spouse who was also an employee, if she did not acquiesce to the sexual advances, and/or in retaliation for having complained about the harassment.

I have considered all the evidence disclosed during the investigation and have determined that there is reasonable cause to believe that the Charging Party was subjected to sexual harassment by a supervisor during her employment with Respondent, that she was denied pregnancy accommodations because of her participation in protected activity, and that she was constructively discharged after Respondent failed to take prompt and effective action to stop the harassment in violation of Title VII of the Civil Rights Act of 1964, as amended. Furthermore, there is reasonable cause to believe that the Production Manager carried out his threat to retaliate against the Charging Party after she rejected his sexual advances by firing her spouse, an individual closely associated with the Charging Party and/or in retaliation for the Charging Party's participation in protected EEO activity.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

If the Respondent declines to discuss settlement, or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's procedural regulations. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

May 2, 2022

Date

*Elizabeth M. Cannon*

Elizabeth M. Cannon, Director
Seattle Field Office